IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

L.A. BAILEY, #08581-025,

    Petitioner/Defendant,

vs.

UNITED STATES of AMERICA,

    Respondent/Plaintiff.

CIVIL NO. 11-cv-843-DRH

CRIMINAL NO. 10-cr-30005-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On May 28, 2010, Petitioner entered an open plea of guilty to two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). *See United States v. Bailey,* Case No. 10-cr-30005-DRH (Doc. 25).

    On October 15, 2010, judgment was entered by the undersigned, sentencing petitioner to concurrent terms of 216 months imprisonment on each count, six years supervised release, a fine of $400, and a special assessment of $200 (Doc. 39 in criminal case). Petitioner appealed, and trial counsel continued to represent him during the appeal. Petitioner's attorney ultimately moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *United States v. Bailey*, 417 F. App'x

556 (7th Cir. 2011). After considering the issues raised by petitioner's counsel (petitioner did not file a response to the motion to withdraw), the Seventh Circuit dismissed the appeal on March 31, 2011. *Id.* at 557. The court suggested that if petitioner wished to raise a claim of ineffective assistance of counsel, it should be presented on collateral review, noting that "we would not entertain a claim of ineffective assistance on direct appeal where trial and appellate counsel are the same[.]" *Id.* Petitioner did not seek further review in the Supreme Court of the United States.

The instant § 2255 motion was timely filed on September 19, 2011. Petitioner raises four grounds for relief, all claiming that he was unconstitutionally denied the effective assistance of counsel at trial. (Doc. 1, pp. 4-5). First, his attorney was ineffective for failing to argue that "unlawful delivery" of a controlled substance as defined in the Illinois statute, falls outside the definition of "controlled substance" in the U.S.S.G. § 4B1.2, and thus he should not have been subject to the career criminal enhancement based on this prior state conviction (Doc. 1-1, pp. 3-6; Docs. 1-2 & 1-3). Secondly, counsel failed to properly investigate petitioner's mental health problems, hindering the Court from properly considering these conditions as mitigating factors at sentencing (Doc. 1-1, pp. 6-10). Third, counsel did not properly investigate or object to the Pre-Sentence Investigation report, nor did he argue that petitioner's state conviction for unlawful delivery of a controlled substance should not have been used to enhance his sentence (Doc. 1-1, pp. 10-11). Finally, counsel failed to negotiate a plea agreement that would have allowed petitioner to serve his federal

sentence concurrently with the remaining time he had to serve on a state sentence of 18 months (Doc. 1-1, p. 11).

In petitioner's case, although he pled guilty, the open plea did not include any waiver of the right to appeal or to collaterally attack his conviction (Docs. 25 & 36 in criminal case).  Thus, the guilty plea presents no barrier to the consideration of Petitioner's § 2255 motion.

**Disposition**

The Court **ORDERS** the Government to file a response to petitioner's motion on or before June 4, 2012.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

**DATED:** May 3, 2012

Digitally signed by David R. Herndon
Date: 2012.05.03 13:56:27 -05'00'

Chief Judge
United States District Court