IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

L.A. BAILEY,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.                                        No. 11-0843-DRH

## MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

Now before the Court is L.A. Bailey's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence (Doc. 1). The government filed an opposition to the petition (Doc. 9) and Bailey filed a reply (Doc. 10). Thereafter, Bailey filed a supplement to the 2255 petition (Doc. 11). Based on the record and the applicable law, the Court denies and dismisses with prejudice the petition.

On January 12, 2010, the grand jury charged Bailey with two counts of distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See United States v. Bailey*, 10-3000-DRH; Doc. 1. On February 19, 2010, the Court appointed Assistant Federal Public Defender Daniel Cronin to represent Bailey. *Id*. at Doc. 11. That same day, the Court arraigned Bailey and Bailey pled not guilty to the charges. *Id*. at Doc. 9. On April 19, 2010, Federal Public Defender Phillip J. Kavanaugh entered his appearance as co-counsel for Bailey. *Id*. at Doc. 18. On May 17, 2010, the government filed its information to

establish prior conviction pursuant to 18 U.S.C. § 851. *Id*. at Doc. 22. The prior convictions included in the enhancement were: (1) unlawful delivery of a controlled substance, in Champaign County, Illinois Circuit Court, in Case Number 2004-CF-2180, to which defendant was sentenced to five years imprisonment and (2) unlawful possession of a controlled substance, in Champaign County, Illinois Circuit Court, in Case Number 2000-CF-1610, to which defendant was sentenced to five years and 6 months imprisonment. The notice stated: "said offenses are felony drug offenses as defined in Title 21 U.S.C. 802(44)." In an open plea, Bailey pled guilty to the charges in the indictment on May 28, 2010. *Id*. at Doc. 25. On October 15, 2010, the Court sentenced Bailey to 216 months on Counts 1 and 2 of the indictment.[1] *Id.* at Docs. 36 & 39. Thereafter, Bailey appealed his judgment to the Seventh Circuit Court of Appeals. *Id.* at Doc. 41. Bailey's lawyer filed a motion to withdraw and an *Anders* brief in the Seventh Circuit. On April 22, 2011, the Seventh Circuit issued its Mandate granting counsel's motion to withdraw and dismissing Bailey's appeal. *Id.* at Doc. 52.

On September 19, 2011, Bailey filed his petition (Doc. 1). In his petition, Bailey raises four grounds for ineffective assistance of counsel: (1) counsels' performance was constitutionally defective because he failed to argue and to preserve on appeal that "UNLAWFULL DELIVERY" of a controlled substance clearly falls outside the guideline definition of U.S.S.G. § 4B1.2 controlled

---

[1] As a result of his criminal history, defendant is considered by the sentencing guidelines to be a career offender.

substances; (2) that counsel failed to properly investigate his mental issues as his medical condition could have been a factor; (3) counsel failed to object to the Pre-Sentence Investigation Report, at sentencing and on appeal that his state conviction for unlawful delivery of a controlled substance in violation of 720 ILCS 570/407(b)(2) is not a serious drug offense that falls outside U.S.S.G. § 4B.1.2; and (4) counsel failed to negotiate a plea agreement regarding a concurrent sentence for Bailey's 18 month state sentence and thus he was not given the opportunity to utilize U.S.S.G. § 5G1.3.

After the 2255 petition became ripe, Bailey, in his criminal case, filed a motion for modification of an imposed term of imprisonment pursuant to crack cocaine offenses 18 U.S.C. § 3582. *United States v.* Bailey, 10-30005-DRH; Doc. 54. In this motion, Bailey contends that he is entitled to a sentence reduction in light of the Fair Sentencing Act and *United States v. Dorsey*, 132 S.Ct. 2321 (2012). The Court denied for lack of jurisdiction that motion noting that the proper vehicle to obtain such relief is through a section 2255 petition and notified defendant of the Court's intention to re-characterize the motion as one pursuant to 2255. *Id*. at Doc. 55. To assist Bailey, the Court appointed attorney Eugene Howard to represent Bailey solely for the Fair Sentencing Act and *Dorsey* issue and informed Bailey that he should inform the Court if he would like the Court to consider his motion as a supplement to his pending section 2255 petition.

Thereafter, Bailey, pro se, re-filed the motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582 and indicated that

he wished the motion to be a supplement to his § 2255 petition. *Id*. at Doc. 60. Subsequently, Mr. Howard filed a motion to withdraw stating "counsel has determined that Defendant has no meritorious basis for entitlement to a sentence reduction under the Fair Sentencing Act, *United States Dorsey*, or 18 U.S.C. § 3582(c) and the retroactive amendments to the crack cocaine sentencing guidelines." *Id*. at Doc. 61. Based on the reasons stated in Mr. Howard's motion, the Court allowed Mr. Howard to withdraw, allowed Bailey time to file a response and allowed the government time to file a reply. *Id*. at Doc. 62. Bailey did file a response, *Id.* at Doc. 63, and the government filed its reply, *Id*. at Doc. 64.

As the petition is ripe, the Court turns to address the merits.

## II. Legal Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not

directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were unraised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

   The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these

reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

An evidentiary hearing on a § 2255 habeas petition is required when the motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir. 1989). As will be seen, Bailey's allegations are unsupported by the record; subsequently, the Court sees no reason to hold an evidentiary hearing on the issues he raises.

### III. Analysis

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense**.** *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). Either

*Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

In the instant case, the Court cannot say that counsels' performances significantly prejudiced Bailey or that their representations fell below an objective standard of reasonableness.

The Court addresses Bailey's first and third argument together as the arguments are related if not essentially the same. He argues that counsel were ineffective for failing to argue, object and preserve for appeal that his prior state felony conviction for unlawful delivery of a controlled substance is not a predicate offense for career offender status, that it was not a serious drug offense and that the state charge was never proven by the State of Illinois. He maintains counsel failed to familiarize himself with Firth Circuit and Eleventh Circuit cases. Based on the case law in the Seventh Circuit and the record in this case, the Court finds that these arguments clearly are meritless.

> Section 4B1.1(a) of the guidelines provides:
>
> A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Further, 4B1.2(b) defines controlled substance as:

> The term "controlled substance offense" means an offense under federal or state law, punishable imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export distribute, or dispense.

The Seventh Circuit has found that Illinois convictions for unlawful delivery of a controlled substance qualifies as a controlled substance under 4B1.2(b). See *United States v. Mason*, 355 Fed. Appx. 65, 2009 WL 4730390 (7th Cir. 2009) ("Prior convictions … for the … delivery of a controlled substance, a Class 2 felony

under 720 ILL. COMP. STAT. 570/401, and the manufacture or delivery of marijuana, a Class 3 felony under 720 ILL. COMP. STAT. 550/5, and both offenses … punishable by more than a year in prison. Thus, the convictions qualify as controlled substance offenses for career-offender purposes. *See* U.S.S.G. § 4B1.2(b); *United States v. Kelly,* 519 F.3d 355, 365 (7th Cir. 2008))."

Bailey contends that the Illinois statute, 720 ILCS 570/407(b)(2), that he was indicted under and pled guilty to does not constitute a controlled substance within the meaning of 4B1.2(b). He merely contends that since 4B1.2(b) does not reference "unlawful delivery" it is not included in the definition of controlled substances. Bailey is wrong. Bailey was charged by indictment for unlawful delivery of a controlled substance in Champaign County, Illinois in Case No. 04-CF-2180 in violation of 720 ILCS 570/407(b)(2).[2] He pled guilty to the charge, which is class 1 felony under Illinois law. The circuit court sentenced Bailey to five years imprisonment on this charge. Clearly, pursuant to the guidelines and

---

[2] 720 ILCS 570/407(b)(2) provides: Any person who violates:

subsection (d) of Section 401 in any school, or any conveyance owned, leased or contracted by a school to transport students to or from school or a school related activity, or residential property owned, operated or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development, or public park, on the real property comprising any school or residential property owned, operated or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development, or public park or within 1,000 feet of the real property comprising any school or residential property owned, operated or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development, or public park, on the real property comprising any church, synagogue, or other building, structure, or place used primarily for religious worship, or within 1,000 feet of the real property comprising any church, synagogue, or other building, structure, or place used primarily for religious worship, on the real property comprising any of the following places, buildings, or structures used primarily for housing or providing space for activities for senior citizens: nursing homes, assisted-living centers, senior citizen housing complexes, or senior centers oriented toward daytime activities, or within 1,000 feet of the real property comprising any of the following places, buildings, or structures used primarily for housing or providing space for activities for senior citizens: nursing homes, assisted-living centers, senior citizen housing complexes, or senior centers oriented toward daytime activities is guilty of a Class 1 felony, the fine for which shall not exceed $250,000.

Seventh Circuit law, his prior conviction for unlawful delivery was a predicate offense for a career offender status. This argument fails.

Next, Bailey argues that that he is actually innocent of the 2004 state charge as his counsel was ineffective in that the State of Illinois never proved that he was 1000 feet of the church. Thus, he claims that conviction was insufficient to permit the Court to treat it as a controlled substance offense for career offender status under 4B1.1. This argument too fails. Case law is clear that Bailey could not challenge his prior state court conviction in his criminal federal case during sentencing. "Sentencing is not the right time to collaterally attack a prior conviction unless the prior conviction was obtained in violation of the right to counsel—which Woolsey does not suggest." *See United States v. Woosley*, 535 F.3d 540, 550 (7th Cir. 2008)(citing *Daniels v. United States*, 532 U.S. 374, 378, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001); *Custis v. United States*, 511 U.S. 485, 490–91, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *United States v. Dahler*, 171 F.3d 441, 443 (7th Cir. 1999); *United States v. Arango–Montoya*, 61 F.3d 1331, 1336 (7th Cir. 1995)). Bailey is not suggesting that the 2004 conviction was obtained in violation of his right to counsel.

Next, Bailey contends that counsel failed to investigate and present evidence of his mental condition. Specifically, Bailey contends that counsel should have obtained a court-ordered psychiatric examination to determine his competence and had that happened the Court would have imposed a below-guideline sentence based upon the 18 U.S.C. § 3553(a) factors. Further, he contends counsel was

ineffective for failing to present mitigating evidence of his "torturious [sic] child life histories."

A district court must hold a competency hearing if there is reasonable cause to believe the defendant may presently be incompetent, meaning that he is unable to consult with his attorney or to understand the nature of the proceedings against him. 18 U.S.C. §4241(a); *United States v. Savage,* 505 F.3d 754, 758 (7th Cir.2007). However, "[t]he mere fact that a criminal defendant has a personality disorder does not prevent the defendant from appreciating the proceedings or assisting in his defense." *United States v. Savage,* 505 F.3d at 759 (citing *United States v. Teague,* 956 F.2d 1427, 1432 (7th Cir.1992)). In addition, "[s]ignificant weight is given to counsel's representations concerning his client's competence and counsel's failure to raise the competency issue." *United States v. Savage,* 505 F.3d at 760.

As to the examination regarding competence, the record is clear that Bailey was competent during the proceedings. During the change of plea hearing before United States Magistrate Judge Proud, the following exchange took place:

THE COURT:    Mr. Bailey, are you now or have you recently been under the care of a physician or a psychiatrist or have you been hospitalized or treated for any narcotic or drug addiction?
DEFENDANT:    No.
THE COURT:    How do you feel physically today?
DEFENDANT:    Good.
THE COURT:    Have you taken any narcotic drugs, any medicines of any type, any pills or drunk any alcoholic beverage in the past 24 hours?
DEFENDANT:    I took a blood pressure pill this morning.
THE COURT:    Are you on prescribed medication for that?
DEFENDANT:    Yes.

| | |
|---|---|
| THE COURT: | What do you take? |
| DEFENDANT: | I don't know the name of it. |
| THE COURT: | Do you take this every day? |
| DEFENDANT: | Yes. |
| THE COURT: | And how long have you been taking it? |
| DEFENDANT: | Three months. |
| THE COURT: | I assume that's prescribed by a doctor in the Illinois Department of Corrections? |
| DEFENDANT: | Yes. |
| THE COURT: | Does it affect your ability to understand what's going on in any way? |
| DEFENDANT: | No. |
| THE COURT: | Does it actually help you? |
| DEFENDANT: | It helps me. |
| THE COURT: | Do either counsel at this time have any doubts as to Mr. Bailey's competence to plead? |
| MR. NORWOOD: | No, Your Honor, the government does not. |
| MR. CRONIN: | The defense does not, Your Honor. |
| THE COURT: | Based upon Mr. Bailey's responses to my questions, my personal observations of him, and counsel's representations, I find that the defendant is competent to understand these proceedings and to enter a knowing plea. |

Further, during the sentencing the Court observed: "So I agree that we should take into account things like the defendant's childhood and his mental state, bi-polar disorder, the schizophrenia, but there's no issue with respect to his competency, whether he knew or did not know what he was doing was wrong, no issue about that whatsoever in this case. No suggestion that it kept him from knowing that which he did was wrong."  Thus, the Court rejects this argument as to competency.

As to the mitigating evidence regarding Bailey's mental illness and difficult childhood, the record reflects that Bailey's counsel did present evidence. Counsel cannot be faulted for not doing something he clearly did. Furthermore, the Pre-Sentence Investigative Report contained evidence of both his mental illness and

difficult childhood. As shown below, it is clear that the Court was aware and took into consideration both of these issues.

During sentencing, counsel presented evidence on behalf of Bailey regarding his childhood, mental illness and substance abuse. Bailey's older sister testified as to these aspects. Further, counsel argued that Bailey's mental illness and upbringing were mitigating factors. Counsel stated:

> I think, and more importantly, I hope the Court thinks, that for someone suffering from bi-polar disorder as the PSR notes at paragraph 94, and schizophrenia as the PSR notes at paragraph 95, that is some mitigation. Certainly the horrific childhood, that no doubt contributed to these diagnoses. As the PSR notes in paragraph 83, his mother stabbed his father to death when he was four years old. From that time until he was 12 or 13, he was raised by his grandfather and a physically abusive grandmother. That's at paragraphs 85 and 86 of the PSR.
>
> But we maintain, Your Honor, that the mitigating circumstances stemming from his childhood and culminating in his bi-polar disorder and his schizophrenia are greater mitigators than average as well….

While analyzing the §3553(a) factors, the Court specifically found:

> So we look to history and characteristics. Now, this is where Mr. Bailey runs into problems. Each side puts a different spin on it. Mr. Norwood, on behalf of the government, emphasizes the number of convictions, the types of convictions, frequency of convictions, etc. On the defense side, they look at things like some mental issues that Mr. Bailey is dealing with, mitigating issues like his childhood, the nature of his childhood….
> So Mr. Cronin, the defense wants to talk about the fact that his mental illness issues and his drug and alcohol abuse are by and large accountable for his criminal activities all these years, coupled with his very difficult upbringing.
>
> So I agree that we should take into account things like the defendant's childhood and his mental state, bi-polar disorder, the

schizophrenia, but there's no issue to his competency, whether he knew or did not know what he was doing was wrong, no issue about that whatsoever in this case. No suggestion that it kept him from knowing what he did was wrong.

Further, the Seventh Circuit acknowledged that the Court properly evaluated Bailey's mental health issues and his upbringing in analyzing the § 3553(a) factors and noted that "counsel is correct that any challenge to his sentence would be frivolous." *See United States v. Bailey*, 10-30005-DR; Doc. 52. Clearly, counsel was not ineffective in presenting mitigation evidence.

Next, Bailey argues that counsel was ineffective for failing to negotiate a plea agreement with the government that included a concurrent sentence to his 18 months state sentence he was serving. As the government points out, this was an open plea: meaning defendant pled guilty to the charges in the indictment without any plea negotiations. His plea of guilty did not contain any agreements with the government. In fact, during his change of plea, the Court questioned Bailey about his understanding of his plea. The following colloquy took place:

> THE COURT: Mr. Bailey, sir, have you discussed with Mr. Cronin the implications of a co-called open plea?
> DEFENDANT: YES.
> THE COURT: Do you understand, sir, that with a so-called open plea, there are no deals between the government and yourself?
> DEFENDANT: YES.
> THE COURT: In other words, the government, whether it be Mr. Norwood or a different assistant, are free to ask the Court for whatever the government feels is an appropriate sentence and you, sir, or Mr. Cronin, can of course ask the Court for whatever he feels is an appropriate sentence in your case. Understand?
> DEFENDANT: YES.

Clearly, Bailey understood that his plea was open and that there were no "deals" with the government. Further, the PSR stated that Bailey was released from prison on his February 2009 state case on September 30, 2010. He was sentenced in this case on October 15, 2010. Obviously, there was no state sentence in effect at the time. Moreover, Bailey has not established any prejudice.

Lastly, as to Bailey's supplement to his Section 2255, Bailey contends that he is entitled to a reduction based on the Fair Sentencing Act and *Dorsey*, the Court rejects this argument and agrees with Mr. Howard and the government.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United*

*States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Bailey cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission issued U.S.S.G. Amendment 750, effective November 1, 2011, intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Bailey, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1 ("Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012)("Career offenders are not eligible for "crack disparity reductions.").

Should petitioner desire to appeal this Court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief under § 2255. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right." Thus, the Court concludes that a certificate of appealability shall not be issued.

### IV. Conclusion

Accordingly, the Court **DISMISSES with prejudice** Bailey's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence (Doc. 1) and his supplement (Doc. 11). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 3rd day of May, 2013.

Digitally signed by
David R. Herndon
Date: 2013.05.03
11:41:26 -05'00'

**Chief Judge**
**United States District Court**