IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**L.A. BAILEY**,

**Petitioner,**

v.   No. 11-0843-DRH

**UNITED STATES OF AMERICA,**

**Defendant.**

## **MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Now before the Court, in this closed 28 U.S.C. § 2255 civil case[1], is Bailey's pro se motion for relief from order denying petition pursuant to 28 U.S.C. § 2255 (Doc. 29). Regardless of the titled attached to Bailey's pleading, it is, in essence another collateral attack on his sentence. See *United States v. Williams*, 777 F.3d 909 (7th Cir. 2015). As such, the Court must treat it as a motion under § 2255. *Id.*; *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

---

1 On May 3, 2013, the Court denied and dismissed with prejudice Bailey's 28 U.S.C. petition (Docs. 12 & 13). Thereafter, on August 3, 2014, the Seventh Circuit issued its Mandate affirming the Court (Doc. 28).

Because Bailey previously filed a § 2255 petition, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [ § 2244(b) ] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d at 856–57 (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

As to authorization, Bailey has not provided the Court with the required authorization from the Seventh Circuit Court of Appeals and this Court cannot provide Bailey with the authorization to proceed with this second 2255 petition. Without such an order, the Court cannot proceed.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should

issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). This Court concludes that jurists of reason would not find it debatable whether this Court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Bailey's motion and (Doc. 29) and **DECLINES** to issue a certificate of appealability. Bailey shall seek authorization from the Seventh Circuit Court of Appeals if he wishes to seek further relief. If the Seventh Circuit Court of Appeals issues Bailey authorization to file a successive 28 U.S.C. § 2255 petition, he may file the petition with this Court.

**IT IS SO ORDERED.**

Signed this 31st day of May, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.05.31 17:20:25 -05'00'

**United States District Court**